**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DESMOND CHARLES PARKER (#569648)**

**CIVIL ACTION**

**VERSUS**

**NO. 23-1492-JWD-RLB**

**CASEY COOLEY**

**ORDER**

Before the Court is Plaintiff's Motion in Limine (R. Doc. 37), wherein the plaintiff moves to have his criminal background and disciplinary record excluded from evidence at the trial of this matter. Plaintiff asserts that such evidence is highly prejudicial and has no relevance.

The Motion is opposed. *See* R. Doc. 38. Defendants assert that they have not indicated that they intend to introduce evidence regarding the plaintiff's criminal or disciplinary history, but that both would be admissible under Federal Rules of Evidence 609 and 608, respectively. Defendants further assert that the Motion should be deferred until trial when impeachment evidence may become necessary and a ruling can be made at such time based upon context in which it is presented.

For the reasons set forth below, the Court will defer determination of admissibility of the plaintiff's criminal and disciplinary history until the trial of this matter.

**Criminal Conviction**

As to the plaintiff's criminal conviction, Federal Rule of Evidence 609 provides that evidence of the same may be used to attack the plaintiff's character for truthfulness, subject to Federal Rule of Evidence 403. Rule 403 provides that a court may exclude relevant evidence if is probative value it substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. The

Court does have before it the details of the plaintiff's criminal conviction and cannot, at this time, determine if its admission would be highly prejudicial.

**Disciplinary History**

As to the plaintiff's disciplinary history, Federal Rule of Evidence 608(b) "permit[s] inquiry on cross examination into specific instances of conduct which may bear on a witness' credibility in order to impeach the credibility of the witness." *United States v. Skelton*, 514 F.3d 433, 443–44 (5th Cir. 2008) (citing *United States v. Farias-Farias,* 925 F.2d 805, 809 (5th Cir. 1991) ). To be admissible under this Rule, "the alleged bad act must have a basis in fact and ... the incidents inquired about must be relevant to the character traits at issue in the trial." *Id.* (citing *United States v. Nixon*, 777 F.2d 958, 970 (5th Cir. 1985) )

"Rule 608(b) authorizes inquiry only into instances of misconduct that are clearly probative of truthfulness or untruthfulness, such as perjury, fraud, swindling, forgery, bribery, and embezzlement." *United States v. Heard*, 709 F.3d 413, 433 (5th Cir. 2013) (quoting *United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir. 1995)). This Court has "substantial discretion in admitting testimony under Rule 608(b)." *Id.* And even if such inquiry is admissible under Rule 608(b), its admissibility remains subject to Rule 403. *See United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) and *United States v. Farias–Farias,* 925 F.2d 805, 809 (5th Cir.1991).

Prison disciplinary violations for lying can be probative of untruthfulness. *Jeffery v. Zenk*, No. 22-cv-641-jdp, 2024 WL 3251232, at *2 (W.D. Wis. July 1, 2024). But no specific instances of the plaintiff's conduct have been provided to the Court. Nor is there any indication, currently before the Court, that Plaintiff's disciplinary history is probative of his character for truthfulness.

Additionally, disciplinary reports prepared by prison officials are out-of-court statements that if used to prove the truth of the matters asserted therein, constitute hearsay under Rule 801(c) of the Federal Rules of Evidence. The statements may be admissible under the exception to the hearsay rule provided in Rule 803(8), which allows for the admission of "factual findings from a legally authorized investigation." This exception does not apply if "the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8)(B). In making the "trustworthiness" determination, the focus is on the reports' reliability, *i.e.,* on whether the report was compiled or prepared in a way that indicates that its conclusions can be relied upon. *Moss v. Ole South Real Estate, Inc.,* 933 F.2d 1300 (5th Cir.1991). Further, such reports are admissible only as to the fact-findings contained therein that are based on the knowledge or observations of the investigating officer, and are not admissible to prove the truth of the hearsay statements of other persons contained therein. *Cf., Martin v. Strain,* 2009 WL 1565869 (E.D. La., June 2, 2009) ("To the extent that defendants proffer the police reports to prove the truth of the hearsay statements of the inmate and deputy witnesses to the incident, which are contained in the reports, they are not admissible.").

The Court has not been supplied with information about the disciplinary actions taken against the plaintiff, nor information relating to any disciplinary reports or dispositions. Without this information, the Court is unable to make an admissibility determination. This issue, along with the plaintiff's criminal conviction, will be addressed at trial. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion in Limine (Doc. 37) is **DEFERRED** until trial. The Court will hear argument on the Motion at 8:30 a.m. on Tuesday, February 16, 2027, outside the presence of the jury venire.

Signed in Baton Rouge, Louisiana, on November 18, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**